IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TERRY ALLEN MACK,** ) | **1:07-cv-0294-LJO WMW HC** |
| ) | |
| **Petitioner,** ) | **FINDINGS AND** |
| **)** | **RECOMMENDATIONS RE** |
| **vs.** ) | **DISMISSAL OF PETITION** |
| ) | **FOR WRIT OF HABEAS** |
| ) | **CORPUS** |
| **COUNTY OF SAN LUIS OBISPO** ) | |
| **SUPERIOR COURT,** ) | Objections due June |
| ) | |
| **Respondent.** ) | |
| ) | |
| ) | |
| _____ ) | |

         Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant

to 28 U.S.C. Section 2254.  The court has conducted a preliminary review of the petition

pursuant to Rule 4 of the Rules Governing Section 2254 Cases and Rule 16 of the Federal

Rules of Civil Procedure.[1]

_____

         [1]The Federal Rules of Civil Procedure are "applicable to habeas corpus proceedings to
the extent that the practice in such proceedings are not set forth in the statutes of the United
States and has heretofore conformed to the practice of civil actions."  Fed.R.Civ.P. 81(a)(2).
Rule 11 also provides "the Federal Rules of Civil Procedure, to the extent that they are not

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888. A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court. See, Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal

inconsistent with these rules, may be applied, when appropriate, to the petitions filed under these rules." Rule 11, Rules Governing Section 2254 Cases.

constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

In this case, there is no indication in his petition that Petitioner presented either of his claims to the California Supreme Court. Because the petition contains no exhausted claims, the court lacks jurisdiction and is obliged to dismiss the federal petition immediately. See, Jiminez v. Rice, 276 F.3d 478 (9th Cir.2001).

Accordingly, IT IS HEREBY RECOMMENDED that this petition for writ of habeas corpus be DISMISSED for failure to exhaust state judicial remedies.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    May 16, 2007                        /s/  William M. Wunderlich
                                          UNITED STATES MAGISTRATE JUDGE

3